IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Rosanne Moore, | ) | |
| | ) | C.A. No. 4:01-4185-25AK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNUM Provident Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  This matter is before the Court upon remand from the Fourth Circuit Court of Appeals for reconsideration of whether or not William E. Moore's death (hereinafter "Moore" or "Decedent") was an accident under the standard set forth in New York Life Ins. Co. v. Murdaugh, 94 F.2d 104 (4th Cir. 1938). After the Fourth Circuit issued the mandate in the case, this Court issued an Order, filed January 6, 2005, giving the parties additional time to brief the single issue on remand. (Doc. # 76). Plaintiff filed her brief on January 19, 2005. (Doc. # 77). Defendant filed a response brief on February 4, 2005. (Doc. # 78).

**DISCUSSION**[1]

  Plaintiff argues that this Court should find that, based on the administrative record, there is no reliable, credible evidence that the decedent was the aggressor in the altercation, and even if he was, he could not reasonably anticipate bodily injury resulting in death to himself at the hands of

---

[1] Due to the extensive briefing on the previous summary judgment motion, as well as the appellate court opinion in this case, the Court dispenses with a summary of the facts in this case and relies on the previous factual renditions in both the district court and appellate court opinions.

another. Defendant asserts that by specifically ordering that the District Court apply the standard set forth in New York Life Ins. v. Murdaugh, the Fourth Circuit has already found decedent to be the aggressor. Defendant also asserts that decedent reasonably could have anticipated bodily injury resulting in death to himself.

In its previous Order, dated September 29, 2003, this Court set forth the appropriate Fourth Circuit test to determine whether or not an insured's death from an altercation was caused by an accident:

> [D]eath is none the less accidental, within the terms of a policy like the one in suit, because of the fact that it results from the intentional act of another, if the insured is innocent of aggression or wrongdoing, or even if he is the aggressor, if he could not reasonably anticipate bodily injury resulting in death to himself at the hands of another.

New York Life Ins. Co. v. Murdaugh, 94 F.2d 104, 107 (4th Cir. 1938).

This Court concluded that decedent's death was accidental because, even if decedent was the aggressor, he would not have anticipated "the cardiac arrhythmia which resulted in death as highly likely to occur under the circumstances."

The Fourth Circuit Court of Appeals, while affirming that the standard in New York Life Ins. Co. v. Murdaugh was the correct standard to apply, found that whether the decedent anticipated the exact cause of his death, in this case, the cardiac arrhythmia, was not the correct inquiry. Instead, the Court identified the correct inquiry as whether it is reasonably foreseeable to the aggressor that he is triggering a chain of events that could result in his death, regardless of the exact cause. When an altercation ends in the death of the aggressor, the death is not an accident if the aggressor could reasonably anticipate that he might die at the hands of his opponent. "In sum, the aggressor's death does not fit the accidental category if he can reasonably anticipate that his death could result from

2

the altercation. The aggressor does not have to foresee the exact cause of death." Moore v. Unum Provident Corp., 2004 WL 2538211 (4th Cir. 2004).

In reconsidering the record before the Court, in light of the guidance provided by the Fourth Circuit's opinion, this Court concludes that decedent's death was not an accident under a proper application of the standard set forth in New York Life Ins. Co. v. Murdaugh. The facts indicate that on October 22, 1998, between 4:00 and 4:30 a.m., Moore entered the home of his girlfriend, Lisa McFerrin, without permission. Moore, who was carrying a pistol, went to McFerrin's bedroom where he found her and her invited guest, Jerry Sayles. An altercation between Moore and Sayles ensued, and Sayles wrested the gun from Moore and beat him with it. Moore died from cardiac arrhythmia due to the stress of the beating. A toxicology report revealed that Moore was under the influence of methamphetamine at the time of his death. The Fourth Circuit summarized these facts in the following manner: "Moore entered his girlfriend's house uninvited at about 4:00 a.m., and carrying his handgun, he went into her bedroom where she was with another man who was her guest." Moore's resulting death was not an accident "if he could [have] reasonably anticipate[d] bodily injury resulting in death to himself at the hands of another." New York Life Ins. Co. v. Murdaugh, 94 F.2d 104. Based on the facts outlined above, in the record, and the inquiry described by the Fourth Circuit, this Court concludes that Moore could [have] "reasonably anticipate[d] bodily injury resulting in death to himself at the hands of another."

Additionally, this Court did not specifically find in its previous Order that decedent was the aggressor in this matter. For purposes of its previous Order the Court assumed that decedent was the aggressor. However, after further review and consideration of those facts contained in the record before the Court, this Court finds it sufficiently reasonable to conclude that the facts establish that

3

decedent was the aggressor.

## CONCLUSION

Accordingly, based on the Court's conclusion above that Moore's death was not an accident under an appropriate application of the standard set forth in <u>New York Life Ins. Co. v. Murdaugh</u>, defendant's motion for summary judgment is **GRANTED** (Doc. # 23).

**IT IS SO ORDERED.**


                                              s/ Terry L. Wooten
                                              **TERRY L. WOOTEN**
                                              **UNITED STATES DISTRICT JUDGE**

May 19, 2005
Florence, South Carolina